FILED
6/3/2021 5:46 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Consuelo Gomez
Bexar County - 131st District Court

CAUSE NO. _____

| | | |
|---|---|---|
| **MELISSA CANTU,** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | \_\_\_\_ **JUDICIAL DISTRICT** |
| | § | |
| **WALMART INC. and WAL-MART STORES TEXAS, LLC,** | § § § | |
| | § | |
| **Defendant.** | § | **BEXAR COUNTY, TEXAS** |

### PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURES

TO THE HONORABLE JUDGE OF SAID COURT:

Now Comes **MELISSA CANTU** (hereinafter referred to as Plaintiff) complaining of **WALMART INC.** and **WAL-MART STORES TEXAS, LLC** (hereinafter referred to collectively as Defendant), for such cause of action, would respectfully show unto the court as follows:

### I.     DISCOVERY CONTROL PLAN

1.1    Plaintiff pleads that discovery should be conducted in accordance with a discovery control plan under Rule 190.4 (Level 3) of the Texas Rules of Civil Procedure.

### II.     PARTIES

2.1    Plaintiff, **MELISSA CANTU**, is a resident of Bexar County, Texas.

2.2    Defendant, **WALMART, INC.**, is a foreign corporation organized and existing under the laws of the State of Delaware, authorized to and doing business in Texas. Service is requested pursuant to TEX. R. CIV. P. 103 and 106(a)(2) permitting the clerk of the court to serve Defendant by private process or by registered or certified mail return receipt requested, a true and correct copy of the citation with service of process. Service may be had on Defendant's registered agent for service:

1

**CT Corporation System**
**1999 Bryan St., Ste. 900**
**Dallas, TX 75201-3136**

2.3     Defendant, **WAL-MART STORES TEXAS, LLC**, is a foreign limited liability company organized and existing under the laws of the State of Delaware, authorized to and doing business in Texas. Service is requested pursuant to TEX. R. CIV. P. 103 and 106(a)(2) permitting the clerk of the court to serve Defendant by private process or by registered or certified mail return receipt requested, a true and correct copy of the citation with service of process. Service may be had on Defendant's registered agent for service:

**CT Corporation System**
**1999 Bryan St., Ste. 900**
**Dallas, TX 75201-3136**

### III.     VENUE

3.1     Venue of this lawsuit is proper in Bexar County pursuant to TEX. CIV. PRAC. & REM. CODE ANN. § 15.002 (General Rule), as all or a substantial part of the events or omissions giving rise to this cause of action occurred in Bexar County, Texas.

3.2     Because venue is proper in Bexar County as to Defendant, **WALMART, INC.**, it is proper as to any remaining Defendant pursuant to the provisions of Section 15.005 of the Texas Civil Practice and Remedies Code, which provides that "In a suit in which Plaintiff has established proper venue against a Defendant, the court also has venue of all the Defendants in all claims or actions arising out of the same transaction, occurrence, or series of transactions or occurrences."

### IV.     JURISDICTION

4.1     Jurisdiction is appropriate in the Judicial District Court of Bexar County, Texas, in that this is a lawsuit seeking damages in excess of the minimum jurisdictional limits of the district courts in the State of Texas.

4.2     Plaintiff has suffered damages in an amount within the jurisdictional limits of this Court. Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff in good faith pleads that the value of this case at this time is more than one million dollars ($1,000,000.00).

## V.     ALTER-EGO/MISNOMER

5.1     In the event any parties are misnamed or not included herein, it is Plaintiff's contention that such was a "misnomer" and/or such parties are/were "alter egos" of parties named herein. Alternatively, the Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice. In the event that the true parties are misidentified, Plaintiff hereby asserts reliance upon the doctrine of misidentification.

## VI.     FACTS

6.1     At all times material to this cause of action, Defendants were the owners and/or operators with exclusive control over the Walmart store #1347 located at 1430 Austin Hwy., San Antonio, Texas 78209 (the "Premises" or the "Walmart Supercenter").

6.2     On or about September 7, 2019, Plaintiff **MELISSA CANTU**, was an invitee of **WAL-MART SUPERCENTER #1347** at the Premises, and while shopping at the Premises, she slipped and fell on a liquid substance on the floor. She then fell and impacted the floor causing her to suffer severe injuries. Plaintiff continues to suffer as a result of Defendants' negligence.

6.3     At all times material and relevant to this lawsuit, Plaintiff **MELISSA CANTU** was a customer at Defendants' store. Accordingly, at all times material and relevant to this lawsuit, Defendants was under a duty to exercise reasonable care for the safety of Plaintiff and others similarly situated.

## VII.   CAUSES OF ACTION

### COUNT 1: NEGLIGENCE

7.1   At the time of said occurrence, Defendants negligently disregarded the safety of customers that frequent the store. The Defendants failed to provide any warnings of any cautionary signs or any other form of warning leaving a substance on the floor causing her to slip and fall.

7.2   At the time of said occurrence, Defendants its agents, servants, and employees created a dangerous condition, which proximately caused the injuries to Plaintiff. Said Defendants failed to maintain a safe place for Plaintiff to walk, failed to enforce safety regulations and failed to warn of the dangerous conditions existing on said Premises of which they had actual and/or contractual control.

7.3   Defendants, owed a duty to Plaintiff to ensure, maintain, properly place, supervise, and inspect the materials, and procedures used by their employees. Said Defendants owed a duty to Plaintiff to adequately ensure, maintain, and properly clean substances and/or to place warnings at the Premises. Said Defendants negligently failed to ensure, maintain, properly place warnings at the Premises, and failed to properly supervise and inspect the individuals, equipment, materials, and procedures used by their employees. The Defendants knowingly and willingly left the - Premises in an unreasonably dangerous and unsafe condition and without any form of warning, leaving the public and Plaintiff exposed to an unreasonably dangerous condition. As a direct and proximate result, Plaintiff suffered damages as specified herein, for which Plaintiff now sues.

7.4   The Defendants had a duty to use reasonable care to keep the premises under their contractual and actual control in a safe condition.

7.5   The Defendants exercised and/or retained actual control over the Premises, individuals, and construction Premises.

7.6     Plaintiff alleges that each and every one of the aforesaid careless and negligent acts and/or omissions on the part of these Defendants constitutes negligence which was and is the proximate cause and producing cause of the injuries and damages sustained by Plaintiff.

### COUNT 2: In the Alternative, PREMISES LIABILITY

7.7     Upon information and belief, Defendants' agents or employees caused the liquid, or other similar item, a hazardous condition, to be on the floor. Alternatively, Defendants failed to use reasonable care to protect its customers from the known and unusually high risks accompanying customer usage of walkways by failing to monitor the highly-trafficked area where Plaintiff fell and failing to remove the hazardous condition.

7.8     Plaintiff was an invitee at the time of injury. Defendant, as owners and operators of the premises, owed Plaintiff a duty to inspect the premises and maintain them in a reasonably safe condition. At the time Plaintiff was injured, the premises posed an unreasonable risk of harm to Plaintiff and others. Defendant knew or should have known of this condition for the following reasons:

- Defendants' agents or employees cleaned up some but not all of the liquid, or other similar items that constituted a hazardous condition;
- Defendants' agents or employees failed to properly clean up the liquid, or other similar items that constituted a hazardous condition;
- Defendants' agents or employees failed to inspect the floor after cleaning up the liquid, or other similar items that constituted a hazardous condition, to ensure that the hazardous condition was adequately removed;
- Defendants' agents or employees spilled the liquid, or other similar items that constituted a hazardous condition;
- Defendants' agents or employees were on the premises at the time of Plaintiff's injury;
- Defendants' agents or employees failed to perform adequate floor checks of the area in question;
- Defendants' agents or employees did not guard or otherwise warn Plaintiff of the location of the hazardous material;
- Defendants' agents or employees were aware of the design of the store, and the fact that the area in question was well trafficked, yet lacked adequate non-slip flooring;
- Defendants' agent or employees caused the hazardous condition to be on the floor.

7.9     Additionally, a proximate cause of the fall was Defendants' failure to use reasonable care to protect its customers from the known and unusually high risks accompanying customer usage of walkways.

## VIII.   DAMAGES

8.1     Plaintiff, **MELISSA CANTU**, is entitled to the following legal damages as a result of the conduct of the Defendants:

- A.   Medical, hospital, pharmaceutical expenses in the past;
- B.   Medical, hospital, pharmaceutical expenses that, in reasonable probability she will incur in the future;
- C.   Physical pain and suffering in the past;
- D.   Physical pain and suffering that, in reasonable probability, she will suffer in the future;
- E.   Mental anguish in the past;
- F.   Mental anguish that, in reasonable probability, she will suffer in the future;
- G.   Disfigurement in the past;
- H.   Disfigurement that, in reasonable probability, she will suffer in the future;
- I.   Physical impairment in the past;
- J.   Physical impairment that, in reasonable probability, she will suffer in the future;
- K.   Loss of enjoyment of life in the past;
- L.   Loss of enjoyment of life that, in reasonable probability, she will be suffered in the future;
- M.   Loss of earning capacity in the past; and
- N.   Loss of earning capacity that, in reasonable probability, she will sustain in the future.

8.2     The above enumerated damages were proximately caused by the negligence of the Defendant and/or their servants, agents and/or employees acting within the course and scope of their employment and/or agency. Plaintiff, therefore, pleads for an amount of actual damages which the jury deems reasonable which is in excess of the minimal jurisdictional limits of this court.

## IX.   PRE-EXISTING CONDITION

9.1     Pleading further, if it be shown that Plaintiff suffered from some pre-existing injury, disease and/or condition at the time of the incident made the basis of this lawsuit, that such injury, disease

and/or condition was aggravated and/or exacerbated by the negligence of the Defendants.

## X.  JURY DEMAND

10.1    Plaintiff respectfully requests a trial by jury.

## XI.  PREJUDGMENT & POSTJUDGMENT INTEREST

11.1    Plaintiff is entitled to recovery of pre-judgment and post-judgment interest.

## XII.  DESIGNATED E-SERVICE EMAIL ADDRESS

12.1    The following is the undersigned attorney's designated e-Service email address for all e-served documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21a: Javier Herrera – javier@herreralaw.com; Ashlee Herrera – ashlee@herreralaw.com; and Cecilie Martinez – cecilie@herreralaw.com. This is the undersigned's only e-service email addresses, and service through any other email address will be considered invalid.

## XIII.  REQUESTS FOR DISCLOSURE

13.1    Pursuant to Rule 194 of the Texas Rules of Civil Procedure, all parties named herein as Defendants that have not previously produced the material required to be disclosed under the Texas Rules of Civil Procedure are to disclose, at or within 30 days after the filing of their Original Answer, the information and material described in the Texas Rules of Civil Procedure 194.2.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be duly cited to appear and answer herein, that upon a final trial by jury, that a Judgment be rendered in favor of Plaintiff and against the Defendants for actual damages in an amount the jury deems reasonable, which is in excess of the minimum jurisdictional limits of the Court, along with costs of court, pre-judgment and post-judgment interest as allowed by law, attorneys' fees, and for all other relief, legal and equitable, to which Plaintiff is entitled.

                Respectfully submitted,
                **THE HERRERA LAW FIRM, INC.**
                1800 W. Commerce Street
                San Antonio, TX 78207
                Telephone:    (210) 224-1054
                Facsimile:    (210) 228-0887
BY:        /s/ - JAVIER L. HERRERA
                JAVIER L. HERRERA
                State Bar No. 24075498
                Email: javier@herreralaw.com
                **ATTORNEYS FOR PLAINTIFF**